### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

IN RE:

| | | |
|---|---|---|
| MARK A. SWIFT, | ) | Chapter 7 |
| | ) | |
| Debtor, | ) | CASE NO. 05 B 35255 |
| | ) | |
| | | Honorable Eugene R. Wedoff |
| infiNET RESOURCE, INC., d/b/a ORONOVA, INC., | ) ) ) | |
| | ) | |
| Adversary Plaintiff, | ) | Adversary No. 06-00617 |
| | ) | |
| vs. | ) | |
| | ) | |
| MARK A. SWIFT, | ) | |
| | ) | |
| Adversary Defendant. | ) | |

### ADVERSARY DEFENDANT'S ANSWER TO COMPLAINT OBJECTING TO DISCHARGEABILITY OF DEBT

NOW COMES the Adversary Defendant, MARK A. SWIFT, by and through his attorney, Thomas M. Britt, pursuant to court order files this Answer as follows:

### JURISDICTION

1. On or about September 2, 2005, the Debtor filed his Petition pursuant to Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois identified as Case No. 05 B 35255.

**ANSWER:** Admits to the allegations contained in Paragraph 1.

2. This Court has the jurisdiction over this Adversary proceeding pursuant to Title 28 U.S.C. § 1334 and Fed. R. Bkr. P. 7001 *et seq.*

**ANSWER:** Admits to the allegations contained in Paragraph 2.

- 1 -

3. This is a core proceeding pursuant to Title 28 U.S.C. § 157(b)(2) in which this Court is empowered to enter Final Judgment.

**ANSWER:** Admits to the allegations contained in Paragraph 3.

## VENUE

4. Venue is proper in this District pursuant to Title 28 U.S.C. § 1409(a).

**ANSWER:** Admits to the allegations contained in Paragraph 4.

## FACTS

5. Adversary Plaintiff Oronova is an Illinois corporation, with its principal place of business at 954 W. Washington Street, Chicago, Cook County, Illinois.

**ANSWER:** Has insufficient knowledge to know the current status of the Adversary Plaintiff.

6. That, at all times relevant herein, Delivermed.com L.L.C. ("Delivermed") was a Delaware limited liability company with its principal place of business at 168 N. Clifton, Chicago, Cook County, Illinois.

**ANSWER:** Admits to the allegations contained in Paragraph 6.

7. That, at all times relevant herein, Mark Swift ("Swift") was an officer of Delivermed and resides in Cook County, Illinois.

**ANSWER:** Admits to the allegations contained in Paragraph 7.

8. That, prior to June 1, 2000, Oronova and Delivermed entered into an oral agreement whereby Adversary Plaintiff was to provide certain consulting/network infrastructure work for Delivermed at a monthly fee of Fifty Thousand Dollars ($50,000.00), commencing June 1, 2000 through November 30, 2000.

**ANSWER:** Adversary Defendant was not involved in the negotiations of Adversary Plaintiff.

9. It was then and there agreed between the parties that the oral agreement was to be later reduced to a written contract.

**ANSWER:** Since Adversary Defendant was not involved in the negotiations with Adversary Plaintiff, Adversary Defendant has insufficient knowledge to admit or deny the allegations.

10. On or about June 29, 2000, Oronova and Delivermed entered into a written agreement for consulting/network infrastructure work for the period June 1, 2000 through November 30, 2000. A copy of the contract is attached hereto as Exhibit "A".

**ANSWER:** Admits that a contract is attached and further states that said agreement does not contain Mark Swift's signature but rather that of a Robert Kominsky nor did Mr. Swift have knowledge of the contract.

11. On or about September 38, 2000, Oronova and Delivermed agreed to modify the written contract from a flat monthly rate to compensation based on hourly rates and material with

-2-

additional work to be performed. This agreement was reduced to writing and memorialized in a letter dated September 19, 2000, a copy of which is attached hereto as Exhibit "B".

**ANSWER:** Admits that a letter is attached as Exhibit B but further states that said letter does not contain Mark Swift's signature, nor did Mr. Swift have knowledge of the alleged modified agreement and does not recognize September, 2000 date.

12. Oronova filled all of its duties and obligations under the above-referenced agreements (Exhibit "A" and Exhibit "B").

**ANSWER:** Denies that Oronova fulfilled all its obligations to Deliver Med's expectation.

13. The agreement between Oronova and Delivermed provided that Delivermed shall be responsible for Oronova's out-of-pocket expenses (paragraph 3, Exhibit "A").

**ANSWER:** Admits that paragraph 3 states that Delivermed would be responsible for out-of-pocket expenses.

14. Pursuant to the agreements, Delivermed was to pay to Oronova its monthly billing within the first week of the month following the billing.

**ANSWER:** Admits that the paragraph 4 of Exhibit A states this allegation.

15. Pursuant to the aforesaid agreements, Oronova billed to Delivermed the sum of One Hundred Sixty-One Thousand, Eight Hundred Twenty-Four Dollars ($161,824.00), plus other amounts.

**ANSWER:** Denies that the Adversary Defendant received said billing statements.

16. On or about October 30, 2000, Oronova was owed an excess of One Hundred Thousand Dollars ($100,000.00) by Delivermed.

**ANSWER:** Denies that the Adversary Defendant knew the amount owing to Oronova on October 30, 2000.

17. At that time, Oronova threatened to discontinue work on Delivermed's website unless Oronova was paid.

**ANSWER:** Denies that the Adversary Plaintiff was working on the Delivermed's website.

18. To induce Oronova to continue providing services to Delivermed, Adversary Defendant Mark Swift, President of Delivermed, issued to Oronova his personal check in the sum of Seventy-One Thousand, Four Hundred Seventy-Eight and 50/100 Dollars ($71,478.50). Furthermore, on or about October 30, 2000, Adversary Defendant Mark Swift represented to Oronova that the check which he tendered to Oronova would be honored and paid by his bank.

**ANSWER:** Denies that Mark Swift issued said check to induce the Adversary Plaintiff to continue to provide services, but rather states that said check was issued at the request of Oronova's president as a personal request.

19. As a consequence of the above, Adversary Defendant Swift became a co-obligor for Delivermed's indebtedness to Oronova to the extent of Seventy-One Thousand, Four Hundred Seventy-Eight and 50/100 Dollars ($71,478.50).

**ANSWER:** Denies that as a result of the issuance of a personal check that the Debtor became automatically obligated for Delivermed's indebtedness to Oronova because said amount was issued at Infinet's president's request.

20. Oronova accepted the check and deposited the check, which was not honored or paid due to non-sufficient funds ("NSF").

**ANSWER:** Admits that Oronova's president accepted Mr. Swift's personal check and held the check.

## COUNT I

1-20 Adversary Plaintiff incorporates paragraphs 1 through 20 as paragraphs 1 through 20 of this Count I.

**ANSWER:** Adversary Defendant incorporates his answers to paragraphs 1 through 20 of Count I as his answer to paragraphs 1 through 20 of this Court.

21. 11 U.S.C. § 523(a)(6) provides as follows:

"A discharge under section 727 ... does not discharge the individual debtor from any debt — for willful and malicious injury by the debtor to another entity or to the property of another entity."

**ANSWER:** Admits that statute states the language in the paragraph but states that the Adversary Plaintiff bears the burden of proving willful and malicious injury.

22. As a result of the NSF check issued by Debtor Mark Swift to Adversary Plaintiff herein, Adversary Plaintiff has been damaged in the sum of Seventy-One Thousand, Four Hundred Seventy-Eight and 50/100 Dollars ($71,478.50).

**ANSWER:** Denies that the Adversary Plaintiff was damaged because of the NSF check.

23. On or about August 19, 2004, Oronova obtained a Judgment against Mark Swift in the Circuit Court of Cook County, Illinois in the sum of Seventy-One Thousand, Four Hundred Seventy-Eight and 50/100 Dollars ($71,478.50). A copy of that Judgment Order is attached hereto as Exhibit "D".

**ANSWER:** States that a court order was entered pursuant to a pretrial conference and subsequent agreement to avoid the costs of taking the State Court litigation to trial.

WHEREFORE, Adversary Defendant, MARK A. SWIFT, respectfully requests that this Honorable Court enter an Order denying the Adversary Complaint with prejudice and any other relief that this Court might deem as just and equitable.

## COUNT II

1-20 Adversary Plaintiff incorporates paragraphs 1 through 20 as paragraphs 1 through 20 of this Count II as though fully set forth herein.

**ANSWER:** Adversary Defendant incorporates his answers to paragraphs 1 through 20 of Count I as his answer to paragraphs 1 through 20 of this Court.

21. As a consequence of the above, Adversary Defendant Swift became a co-obligor for Delivermed's indebtedness to Oronova to the extent of Seventy-One Thousand, Four Hundred Seventy-Eight and 50/100 Dollars ($71,478.50).
**ANSWER:** Denies the Adversary Defendant became a co-obligor to Delivermed's indebtedness.

22. 11 U.S.C. § 523(a)(2) states as follows:

> "A discharge under Section 727 ... of this Title does not discharge an individual debtor from any debt ...
> (2) For money, property, services or an extension, renewal or refinancing of credit to the extent obtained by
>
> (A)
> False pretenses, or false statement, or actual fraud, other than a statement respecting the debtor's or insider's financial condition...."

**ANSWER:** States that the language contained in this paragraph is contained in 11 U.S.C. §523(a)(2) but further states that the Plaintiff bears the burden of proving that the Defendant engaged in false pretenses of false statement or actual fraud.

23. On or about October 30, 2000, Debtor Swift falsely represented that there were sufficient funds in his personal bank account and, upon this misrepresentation, Adversary Plaintiff based its decision to accept a personal check, continue its services and ultimately relied to its detriment on that misrepresentation that there was sufficient funds.
**ANSWER:** Denies the allegations contained in Paragraph 23 and states that no such representations were made on October 30, 2000.

24. The representations by Adversary Defendant Mark Swift were material and were made to induce Oronova to continue to work for and provide future services to Delivermed.
**ANSWER:** Denies that said representations were made by Defendant, MARK A. SWIFT and thus representation could not have been material.

25. Oronova reasonably relied on said representations and continued to provide services to Delivermed pursuant to the parties' agreement, all to Oronova's detriment.
**ANSWER:** Denies that Adversary Plaintiff relied on said representations that were made.

26. The aforesaid representations by Adversary Defendant Mark Swift were false and Mark Swift knew that they were false when they were made to Oronova that the check in the sum of Seventy-One Thousand, Four Hundred Seventy-Eight and 50/100 Dollars ($71,478.50) would be honored by his bank.
**ANSWER:** Denies that said representations were made on date in question and thus the Defendant did not have knowledge that representations were false.

27. On or about August 19, 2004, Oronova obtained a Judgment against Mark Swift in the Circuit Court of Cook County, Illinois in the sum of Seventy-One Thousand, Four

Hundred Seventy-Eight and 50/100 Dollars ($71,478.50). A copy of that Judgment Order attached hereto as Exhibit "D".

    **ANSWER:** Admits that a court order was entered on August 19, 2004, pursuant to a pretrial conference were the parties where the Court induced both sides to settle rather than the final adjudication on the merits.

    WHEREFORE, the Adversary Defendant, MARK A. SWIFT, respectfully requests that this Court enter an Order denying the Plaintiff's Adversary Complaint and any other relief that this Court may deem as just and equitable.

                                                        _____
                                                        THOMAS M. BRITT
                                                        Attorney for Adversary Defendant

Thomas M. Britt
Law Offices of Thomas M. Britt, P.C.
6825 W. 171st Street
Tinley Park, IL 60477
(708) 429-5400
Attorney No. 6200940